## Case No. 1,191.

### In re BEARNS.

[18 N. B. R. 500.]

District Court, S. D. New York. Dec. 16, 1878.

SALE—STOPPAGE IN TRANSITU — GOODS IN BOND.

[Imported goods sold "to arrive" were entered at the custom-house in the name of the seller, and were stored in a bonded warehouse selected by the purchaser. He withdrew a portion of them upon an order signed by the seller, under the treasury regulation which requires such an order where goods in bond are drawn by any person other than the one in whose name they are entered; and he afterwards became bankrupt. *Held* that, as to the rest of the goods, the right of stoppage in transitu existed in favor of the seller; and his seizure of them would not affect his right to prove his debt on account of the purchase money of those withdrawn.]

[In the matter of the bankruptcy of William F. Bearns.]

A. J. Perry, for assignee.

H. Q. Wing, for creditor.

CHOATE, District Judge. This is a motion to expunge the proof of debt made by the firm of G. Lamothe & Co. for nine hundred cases of wine sold and delivered to the bankrupt. Lamothe & Co. contracted to sell to the bankrupt one thousand five hundred cases of wine, "to arrive," at a fixed price per case, less duties, and upon a credit of sixty days, for which the bankrupt was to give his promissory note. On the 2d of July, 1870, the ship having arrived, the wine was entered at the custom-house by Lamothe & Co. for warehouse. The bonded warehouse in which it was stored was selected by the bankrupt, but it was stored in the name of Lamothe & Co. The duties were liquidated at one thousand four hundred and thirty-three dollars and eighty-five cents, and the bankrupt gave his note for the amount of the purchase, and thereafter and before the failure of the bankrupt nine hundred cases were withdrawn from warehouse by the bankrupt in several parcels, Lamothe & Co. signing on the withdrawal entry an authorization to the bankrupt to withdraw the goods described in such withdrawal entry. This authorization is required by the regulations of the treasury department before any person except the party entering the goods can withdraw them. Afterwards the bankrupt filed his voluntary petition, and an assignee was appointed. In December, 1870, Lamothe & Co. withdrew the six hundred cases still remaining in warehouse, paying the warehouse charges on the whole one thousand five hundred cases, which remained till then unpaid. The note fell due after the failure of the bankrupt, and was not paid. It is still in the hands of Lamothe & Co. Lamothe & Co. have proved their claim for the nine hundred cases which were received by the bankrupt. This motion to expunge is made on the ground that they had no right to take the remaining six hundred cases from the warehouse; that the title and constructive possession had become vested in the bankrupt; and that the assignee can set off the value of the six hundred cases tortiously taken by Lamothe & Co.

The question is, whether, as to the six hundred cases, the right of stoppage in transitu still existed; and I am of opinion that it did. The goods never came into the actual possession of the bankrupt. His selection of the warehouse in which they were stored did not alter the facts that they were stored in the name of the consignee, Lamothe & Co., and that the only way in which the bankrupt could obtain actual possession was by means of an order signed by Lamothe & Co., upon making a withdrawal entry and paying the duties. It is true that, if insolvency had not intervened, Lamothe & Co. would have been bound to give this authority, and that nothing else remained to be done between buyer and seller with reference to the goods, and that the buyer had fully complied with his contract of purchase. It is insisted that this impediment to the complete control and possession of the buyer being imposed or reserved, not by the seller for his own security and benefit, but by the regulations of the secretary of the treasury, which are subject to alteration or repeal by him at any moment, and waived, dispensed with, or insisted upon by him or by congress, the vendor cannot take advantage of it to take back the goods. But the authorities do not sustain this claim.

The right of stoppage in transitu depends upon the fact that the goods have not come to the actual or constructive possession of the vendee, and it is not necessary that the obstacle which has prevented this, should be one that was purposely interposed by the vendor for this purpose, nor that it was one created by him directly or indirectly. If the existing regulation of the treasury department has prevented that possession being consummated, the nature of that regulation is of no more consequence on this question than the nature of any other fact or accident that may have led to the same result. It cannot be said that the goods were constructively in the possession of the buyer, when stored under a warehouse contract with the seller and in his name and under regulations having the force of law, which made it impossible for the buyer to get them without the written consent of the seller. Even where the seller has ceased to have any control of the goods, and they are in the custody of the government, awaiting the payment of duties, the right of stoppage in transitu remains. Northey v. Field, 2 Esp. 613; Burnham v. Winsor, [Case No. 2,180;] Mottram v. Heyer, 5 Denio, 629. In the case last cited, Chancellor Walworth indeed says that he thought that, if the goods had been placed in the public store under the revenue warehousing system, the right of the vendor would be gone. But in that case the goods

were consigned to the vendee, and the case supposed by the learned judge is that of their being warehoused by the vendee, not, as in this case, by the vendor.

It is clear also that the giving of the authorization by the vendor to withdraw a part of the goods was such a separation by the consent of the parties of that part from the rest that the delivery of that part is not to be considered as a constructive delivery of the whole, or as affecting the right of stoppage in transitu as to the part remaining in warehouse. Tanner v. Scovell, 14 Mees. & W. .28. In fact, this right of stoppage in transitu is based on an equitable principle, and is highly favored; and the present case is clearly one where the right could be properly exercised. Motion to expunge denied.